# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Timothy Wayne Connors,

  Petitioner

v.

Warden Brian E. Williams, *et al.*,

  Respondents

2:15-cv-01351-JAD-CWH

**Order Granting Motion to Withdraw as Counsel, Appointing New Counsel, and Setting Briefing Schedule**

[ECF No. 13]

Criminal Justice Act (CJA) panel attorney Julian Gregory has filed a motion to withdraw as counsel of record for § 2254 petitioner Timothy Wayne Connors.[1]  Gregory explains that he has learned of a potential conflict of interest: when he worked with the Federal Public Defender's office, he may have represented Connors's co-defendant and brother.  I therefore find that good cause exists to grant counsel's motion to withdraw and to appoint the below CJA-panel attorney to represent Connors in his place:

> Angela Dows
> 1333 North Buffalo Drive
> Suite 210
> Las Vegas, NV 89128
> 702-794-4411

Accordingly, IT IS HEREBY ORDERED that **motion to withdraw as counsel of record [ECF No. 13] is GRANTED.**

IT IS FURTHER ORDERED that CJA-panel attorney Angela Dows is appointed to represent Connors in this action and all future proceedings in this court relating to this matter, including later actions and appeals, as provided by 18 U.S.C. § 3006A (a)(2)(B).

IT IS FURTHER ORDERED that **Dows must enter a notice of appearance by August 17, 2016.**  She is further instructed to meet with Connors as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss the potential grounds for

---

[1] ECF No. 13.

habeas relief in his case; and (c) advise Connors that all possible grounds for habeas relief must be raised at this time and that failure to do so will likely result in the omitted grounds being barred from future review.

IT IS FURTHER ORDERED that **Dows must file an amended petition by October 28, 2016, that includes all known grounds for relief (both exhausted and unexhausted).** Respondents will have 30 days from the filing of the amended petition to answer or otherwise respond. Any response must comply with Habeas Rule 5:

1. Respondents must raise all procedural defenses including exhaustion in a single, consolidated motion to dismiss. Any procedural defenses omitted from a motion to dismiss will be deemed waived.

2. Respondents are instructed not to file a response that consolidates their procedural defenses, if any, with their response on the merits, except as provided by 28 U.S.C. § 2254(b)(2) for any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so in a single motion to dismiss; not in the answer, and they must address the standard for dismissal under § 2254(b)(2) as set forth in *Casset v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

3. If respondents file an answer on the merits, they must specifically cite to and address the applicable state-court record materials for each claim.

4. Petitioner will have 30 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.

5. All state-court record exhibits must be filed with a separate index of exhibits identifying the exhibits by number. Any CM/ECF attachments must be identified by the number or numbers of the exhibits in the attachment.

6. The parties must send courtesy copies of all exhibits to the Reno Division of this court at:

> The Clerk of Court
> Attn. Staff Attorney
> 400 S. Virginia St.
> Reno, NV 89501

Courtesy copies may be in paper form or as PDF documents saved to a CD with each PDF clearly identified by exhibit number.

Dated this 28th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge