|   |   |
|---|---|
| Timothy Wayne Connors, <br><br> Petitioner <br><br> v. <br><br> Warden Brian E. Williams, Sr., et al., <br><br> Respondents | Case No.: 2:15-cv-01351-JAD-CWH <br><br> **Order Denying Motions to Stay and Withdraw and Granting Motion for Extension of Time** <br><br> **[ECF Nos. 18, 19, 21]** |

Timothy Wayne Connors filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 16, 2015.[1] Connors's counsel filed a second unopposed motion for extension of time to file a first-amended petition,[2] a motion to stay the proceedings,[3] and a motion to withdraw as counsel of record.[4]

I first address the motion to stay proceedings.[5] A jury convicted Connors of first-degree murder and robbery.[6] His brother Christopher was his co-defendant at trial. Christopher filed a federal habeas petition, which was denied on the merits. But Christopher was granted a certificate of appealability for all three grounds in his petition,[7] which all involve a so-called *Kazalyn* first-degree murder jury instruction given at the Connors brothers' trial.[8] Christopher's appeal—petitioner

---

[1] ECF No. 1.

[2] ECF No. 18.

[3] ECF No. 19.

[4] ECF No. 21.

[5] ECF No. 19.

[6] *Id.* at 2.

[7] *See* Case No. 3:07-cv-00268-JCM-VPC, ECF No. 68.

[8] ECF No. 19 at 7–9.

1

represents—is pending before the Ninth Circuit Court of Appeals.[9] Petitioner now explains that he seeks a stay under *Rhines v. Weber*[10] or a stay in light of "what may or could be binding precedent upon his case as he was tried together with his brother/co-defendant . . . and was subject to the same *Kazalyn* instruction."[11]

*Rhines v. Weber* addresses the failure to exhaust state remedies before bringing a federal petition for habeas relief. In *Rhines*, the Supreme Court placed limitations on the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[12]

Respondents oppose Connors's motion for stay: because Connors asserts that all seven grounds in his current petition are exhausted,[13] a *Rhines* stay is unavailable. I agree. The appropriate action at this time is for Connors, through counsel, to file his amended petition, setting forth all known grounds, regardless of exhaustion. Once a first-amended petition has been submitted, the parties may then litigate timeliness, exhaustion, and any other procedural issues. Accordingly, because Connors has not demonstrated that a stay is appropriate at this time, his motion to stay is denied.

Next, I consider Connors's counsel's motion to withdraw.[14] Counsel asserts that she has

---

[9] ECF No. 19-4.

[10] *See Rhines v. Weber*, 544 U.S. 269 (2005).

[11] ECF No. 19-4.

[12] *Rhines*, 544 U.S. at 277 (citing by analogy 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

[13] ECF No. 20.

[14] ECF No. 21.

2

good cause to withdraw under Local Rule IA 11-6 because she is currently serving as court-appointed counsel in too many cases.[15] Connors dispatched the instant habeas petition for mailing on July 13, 2015.[16] His motion for appointment of counsel was granted on October 1, 2015, and the Federal Public Defender was appointed.[17] The Federal Public Defender filed a notice of conflict of interest, and on April 25, 2016, Julian Gregory was appointed as CJA counsel.[18] On July 5, 2016, Julian Gregory filed a motion to withdraw as counsel, explaining that he had learned of a potential conflict because when he worked with the Federal Public Defender, he may have represented co-defendant Christopher Connors.[19] Gregory's motion to withdraw was granted and on July 28, 2016, and current counsel Angela Dows was appointed.[20] Since being appointed as Connors's counsel, Dows has filed two unopposed motions for extension of time to file an amended petition,[21] a motion for stay,[22] and a motion to withdraw as counsel due to her caseload.[23]

Dows has not provided a compelling basis to withdraw at this point, especially in light of the time that has already passed since this habeas matter was initiated. Thus, the motion to withdraw is denied at this time, and Dows is directed to file an amended petition within 45 days containing all known grounds for relief. Once an amended petition is filed, if Dows continues to believe that she should withdraw, she may renew her motion, providing compelling reasons.

. . .

---

[15] *Id.* at 3–4.

[16] ECF No. 8.

[17] ECF No. 7.

[18] ECF No. 11.

[19] ECF No. 13.

[20] ECF No. 14.

[21] ECF Nos. 16, 18.

[22] ECF No. 19.

[23] ECF No. 21.

Accordingly, IT IS HEREBY ORDERED that:

- Petitioner's motion to stay the proceedings **[ECF No. 19] is DENIED**;
- Counsel's motion to withdraw **[ECF No. 21] is DENIED**; and

The second motion for extension of time to file an amended petition **[ECF No. 18] is GRANTED**. Dows has 45 days to file an amended petition that includes all known grounds for relief (both exhausted and unexhausted). Respondents have 30 days after the filing of the amended petition to answer or otherwise respond to the amended petition. The response must comply with Habeas Rule 5. Any procedural defenses must be raised together in a single, consolidated motion to dismiss. Procedural defenses omitted from a motion to dismiss may be deemed waived. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*.[24] In any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

Connors will have 30 days from service of the answer, motion to dismiss, or other response, to file a reply or opposition; all other requests for relief by respondents by motion will be subject to the normal briefing schedule under the local rules.

Any additional state court record exhibits filed by either party must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment.

The parties must send courtesy copies of all exhibits to the Clerk of Court at the Reno Division at 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney"

---

[24] *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

4

on the outside of the mailing address label.

DATED May 9, 2017.

_____
Jennifer A. Dorsey
United States District Judge