# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Timothy Wayne Connors,

    Petitioner

v.

Warden Brian E. Williams, Sr., et al.,

    Defendants

Case No.: 2:15-cv-01351-JAD-CWH

**Order Granting in Part
Motion to Dismiss and Giving
Petitioner until October 19, 2018,
to Notify Court How He Will Proceed
with this Mixed Petition**

[ECF No. 85]

Timothy Wayne Connors brings this counseled habeas corpus petition under 28 U.S.C. § 2254 to challenge his 1994 Nevada state court murder and robbery convictions for which he is serving a life sentence without the possibility of parole.[1] Respondents move to dismiss Connors's petition, arguing that his claims are untimely, unexhausted, or not cognizable in habeas corpus proceedings.[2] Having carefully reviewed the record, I dismiss the majority of Connors's grounds as untimely or non-cognizable, find that a handful of them are unexhausted, and give him until October 19, 2018, to advise how he would like to proceed with this mixed petition.

## Procedural History and Background

Connors was convicted of first-degree murder with use of a deadly weapon and robbery with use of a deadly weapon in March 1994 after a 23-day trial.[3] After an eight-day penalty

---

[1] ECF No. 80 (first amended petition).

[2] Connors opposed, ECF No. 92, and respondents replied. ECF No. 96.

[3] Exhibits 140, 141. Exhibits 1-245 are exhibits to petitioner's amended petition, ECF No. 80, and are found at ECF Nos. 27-78. Exhibits 250-252 are exhibits in support of respondents' motion to dismiss, ECF No. 85, and are found at ECF No. 86.

hearing, the jury sentenced him to life without the possibility of parole on the first-degree murder count.[4] The court then sentenced him to an equal and consecutive term for the deadly weapon enhancement on the murder count, and to 15 years on the robbery-with-a-deadly-weapon count, with an equal and consecutive term, all terms consecutive.[5] The judgment of conviction was entered on June 2, 1994,[6] and the Nevada Supreme Court affirmed Connors's convictions on July 28, 1998.[7]

Connors filed a state postconviction habeas corpus petition on August 6, 1999.[8] The state opposed.[9] On September 29, 2005, Connors filed a *pro per* petition for a writ of mandamus with the Nevada Supreme Court.[10] He argued that the state district court had improperly taken his habeas petition off calendar instead of ruling on the petition.[11] The Nevada Supreme Court granted the writ of mandamus in part and directed the district court to place Connors's postconviction petition on the district court's calendar for resolution.[12] The state district court denied that petition on February 25, 2008,[13] Connors appealed,[14] and on November 5, 2009, the Nevada Supreme Court reversed and remanded for appointment of counsel.[15]

---

[4] Exh. 154.
[5] Exh. 156.
[6] Exh. 157.
[7] Exh. 160.
[8] Exh. 163.
[9] Exh. 164.
[10] Exh. 171.
[11] *Id.*
[12] Exh. 174.
[13] Exh. 196.
[14] Exh. 200.
[15] Exh. 204.

The state district court conducted an evidentiary hearing and entertained supplemental briefing after the hearing.[16] On August 13, 2012, the state district court denied the petition.[17] Ultimately, on June 10, 2015, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on July 21, 2015.[18]

On July 13, 2015, Connors, acting pro se, dispatched his federal habeas petition for filing.[19] It contained these claims:

**Ground 1**: The admission of Dr. Green's testimony and unverified autopsy report violated Connors's Fifth, Sixth, and Fourteenth Amendment rights to due process, compulsory process, confrontation, and equal protection.[20]

**Ground 2**: Trial counsel was ineffective for (A) failing to call defense-favorable witnesses, including Sean Trail, Christopher Connors, and several John Does; (B) failing to challenge the prosecution's introduction of the testimony of Gioncontieri and gun records; and (C) conceding Connors's guilt prior to the State's case in chief.[21]

**Ground 3**: Appellate counsel was ineffective for failing to raise (A) the constitutional magnitude of the failure to sever Connors's case from his co-defendant's, which prevented Connors from calling a witness vital to his defense, the only eyewitness, his co-defendant. (B) the denial of Connors's right to a speedy trial; and (C) the fact that the jury instructions as a whole and individually were burden-shifting, plus several instances of prosecutorial misconduct:

---

[16] Exhs. 210, 211, 214–216.
[17] Exh. 217.
[18] Exh. 243, 245.
[19] ECF No. 8.
[20] *Id*. at 4.
[21] *Id*. at 6.

3

(i) the prosecutor's dilatory tactics that violated Connors's speedy trial rights; (ii) the prosecutor increased the criminal penalty for the sole purpose of causing delay; (iii) the prosecutor gave false information to the district court regarding the "Perry" statements; (iv) destruction of evidence favorable to the defense—wiretap and written reports regarding the wiretap; and (v) the prosecutor argued uncharged acts of robbery; and for failing to argue that trial counsel failed to move for a new trial based on the right to an impartial jury.[22]

**Ground 4**: The prosecutor committed misconduct by (A) knowing use of false evidence and/or manufactured evidence, namely the gun records and map of the scene; (B) inducing false testimony from Gioncontieri and Messinar; (C) knowingly providing the trial court with false information; and (D) knowingly giving false information and making material misrepresentations of fact to the Nevada Supreme Court at oral argument on direct appeal in violation of Connors's Fifth, Sixth, and Fourteenth Amendment due process, fair trial, and equal protection rights.[23]

**Ground 5**: The U.S. Air Force failed to disclose the Nellis Air Force Base security surveillance recording of the incident in question, and the National Reconnaissance Office failed to disclose satellite readings of the incident in violation of Connors's Fifth, Sixth, and Fourteenth Amendment due process, fair trial, and equal protection rights.[24]

**Ground 6**: Pervasive government misconduct in that the Nevada Department of Corrections and the Nevada Attorney General's office actively prevented Connors from using the Freedom of Information Act to gain evidence to use in a motion for new trial in violation of his

---

[22] *Id*. at 8.
[23] *Id*. at 10.
[24] *Id*. at 12.

Fifth, Sixth, and Fourteenth Amendment due process, fair trial, equal protection, and access to the courts rights.[25]

**Ground 7**: The eight-year delay in the state district court's adjudication of his state postconviction petition violated Connors's First, Fifth, Sixth, and Fourteenth Amendment rights to due process, access to the courts, and equal protection rights plus his right to obtain witnesses.[26]

This court granted Connors's motion for appointment of counsel, and Connors filed a counseled, amended petition on November 17, 2017.[27] Respondents now move to dismiss it, arguing that some claims in the amended petition do not relate back to a timely filed earlier petition, some claims are unexhausted, and others fail to state claims cognizable in federal habeas corpus.[28]

## Discussion

### A. Relation Back

Respondents argue that several grounds in the amended petition do not relate back to a timely filed petition, so they must be dismissed as untimely.[29] A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the

---

[25] *Id*. at 14.
[26] *Id*. at 16.
[27] ECF No. 80.
[28] ECF No. 85.
[29] *Id*. at 13–25.

5

timely pleading.[30] Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because they challenge the same trial, conviction, or sentence.[31] The new claims relate back "only when" they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[32] So a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be deemed timely.[33]

**B.  The majority of Connors's claims in his amended petition do not relate back to his original petition.**

Connors mailed his federal habeas petition on July 13, 2015, and he filed his counseled, first-amended petition on November 17, 2017.[34] The parties do not dispute that the AEDPA one-year statute of limitations for Connors's habeas claims expired on September 25, 2015. So, the new claims in his amended petition are time barred unless they relate back to his original *pro se* petition. Respondents argue that grounds 1, 2, 4, 5, 6, 7, 8, 11, parts of grounds 12 and 13, and ground 14 of Connors's counseled, amended petition are untimely because they do not relate back to any claims in his original petition.[35] They're mostly right.

---

[30] *Mayle v. Felix*, 545 U.S. 644 (2005).
[31] 545 U.S. at 655–64.
[32] *Id*. at 657.
[33] *Id*. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).
[34] ECF Nos. 8, 16.
[35] ECF No. 85 at 13–24.

6

#### 1. Ground 1

In ground 1, Connors claims that the trial court erred when it allowed an unconstitutional "*Kazalyn*" first-degree murder jury instruction, in violation of his Fifth, Sixth, and Fourteenth Amendment rights to equal protection, fair trial, and due process.[36] A close review of Connors's original petition and the arguments in his counseled opposition reveals that respondents are correct that ground 1 of the amended petition differs in time and type from the claims that Connors raised in his original petition. Ground 1 thus does not relate back to a claim in the original petition, so I dismiss it as untimely.

#### 2. Ground 2

In ground 2, Connors contends that the trial court allowed a jury instruction that set forth robbery as an aggravating circumstance for first-degree murder in addition to a separate count. He claims that this violated his Fifth, Sixth, and Fourteenth Amendment equal protection, due process and fair trial rights.[37] This ground shares no common core of operative facts with any claim that he raised in his original petition. Ground 2 does not relate back, so I dismiss it as untimely.

#### 3. Ground 4

In ground 3, Connors asserts that that the trial court should have severed his trial from that of his co-defendant, and this failure violated his Fifth, Sixth, and Fourteenth Amendment equal protection, due process, and fair trial rights.[38] Connors raised the issue of severance in ground 3 of the original petition as an ineffective-assistance-of-appellate-counsel claim. So, this

---

[36] ECF No. 80 at 38–42.
[37] *Id*. at 42–44.
[38] *Id*. at 46–48.

7

federal claim is fairly read as merely "a new legal theory tied to the same operative facts as those he initially alleged.[39]"  Ground 4 thus relates back and is timely.

### 4. Ground 5

In his fifth ground, Connors argues that the trial court's failure to excuse a juror for cause violated his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial, impartial jury, due process and equal protection.[40]  Connors did not raise a jury-selection claim in his original petition, and this claim differs in time and type from the claims he did raise.  Ground 5, therefore, does not relate back, so I dismiss it as untimely.

### 5. Ground 6

Ground 6 contains Connors's claim that the trial court's failure to exclude evidence of his bad-conduct discharge from the military violated his Fifth, Sixth, and Fourteenth Amendment fair trial, due process, and equal protection rights.[41]  In his original petition, Connors argued only that the U.S. military violated his federal constitutional rights by not disclosing surveillance video of the incident.  Ground 6 differs in time and type and does not arise out of the same core of operative facts as any claim in the original petition.  Accordingly, ground 6 does not relate back, and I dismiss it as untimely.

### 6. Ground 7

Connors contends in ground 7 that the trial court failed to exclude a prejudicial photograph of the victim, which violated his Fifth, Sixth, and Fourteenth Amendment fair trial,

---

[39] *Mayle*, 545 U.S. at 659 and n.5; *Ha Van Nguyen*, 736 F.3d at 1297.
[40] ECF No. 80 at 48–49.
[41] *Id*. at 49–50.

due process, and equal protection rights.[42] Ground 7 does not relate back to any claim raised in the original petition and I dismiss it as untimely.

### 7. Ground 8

Connors argues in ground 8 that the trial court refused to exclude prejudicial jury instructions and refused to allow defense counsel's proposed jury instructions in violation of his Fifth, Sixth, and Fourteenth Amendment rights to fair trial, due process, and equal protection.[43] In ground 3 of his original petition, Connors raised—with no elaboration—the claim that appellate counsel failed to argue that the jury instructions as a whole and individually were "burden shifting."[44] The fact that both claims challenge jury instructions, without more, is not enough to demonstrate that ground 8 is sufficiently tied to the same core of operative facts and relates back. So I dismiss ground 8 as untimely.

### 8. Ground 11

In ground 11, Connors argues that several instances of prosecutorial misconduct violated his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial, equal protection, confrontation, an impartial jury, and due process.[45] In ground 11(1), Connors contends that the prosecution failed to disclose a statement by the victim's brother in contravention of *Brady v. Maryland*. This *Brady* claim does not share a common core of operative facts with any claim in the original petition. Ground 11(1) thus does not relate back, and I dismiss it as untimely.

---

[42] *Id.* at 50.
[43] *Id.* at 51–52.
[44] ECF No. 8 at 8.
[45] ECF No. 80 at 54–56.

The same is true for grounds 11(2) and 11(3). Connors argues in ground 11(2) that the prosecution violated *Batson v. Kentucky*[46] by using its peremptory challenges in a racially discriminatory manner. But Connors raised no jury-selection claims in his original petition. In ground 11(3), he claims that the prosecution made improper remarks during closing by referring to him as an animal and by making improper "voice of society" and "ultimate issue" arguments. Connors did not raise any claims in his original petition that share a common core of operative facts with ground 11(3). These claims thus do not relate back, and I dismiss grounds 11(2) and (3) as untimely.

Ground 11(4) is a different story. In this claim, Connors asserts that the State committed misconduct by (a) knowingly creating and/or presenting false evidence as to gun records, (b) knowingly creating and/or presenting false evidence as to a map of the scene, (c) inducing false testimony from witness Gioncontieri; (d) inducing false testimony from witness Messinar; and (e) introducing into evidence Dr. Green's report and testimony without proper qualification. Because Connors asserted claims in his original petition based on these facts, ground 11(4) relates back to the original petition and is thus timely.[47]

### 9. Ground 12

In ground 12, Connors claims that his trial counsel rendered ineffective assistance in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by (1) admitting Connors's guilt to the jury; (2) failing to coordinate with co-counsel or move independently to sever trial; (3) failing to investigate evidence or witnesses or challenge the State's evidence or witnesses, including the Nellis Air Force Base security surveillance of the incident and

---

[46] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[47] *See* ECF No. 8, grounds 1, 4(A), and 4(B).

Connors's gun-ownership records; and (4) failing to call Sean Trail, Professor Etheridge, Adam Magari, Norman Rita, and Christopher Connors as defense witnesses.[48] Ground 12(1) relates back to 2(C) of the original petition; ground 12(2) relates back to ground 3(A) of the original petition; and ground 12(3) relates back to grounds 2(A), 2(B), and 5. The entirety of the new ground 12 thus relates back and is timely.

### 10. Ground 13

Connors argues in grounds 13(A) and 13(B) that appellate counsel rendered ineffective assistance by failing to raise numerous trial errors on appeal. He claims that this failure violated his Fifth, Sixth, and Fourteenth Amendment rights. As the factual foundation for this claim, Connors contends that counsel failed to (A) challenge the *Kazalyn* instruction on first-degree murder; (B) raise the trial court's refusal to allow defense expert David Hughes to testify; (C) challenge the trial court's rulings pretrial and during trial; and (D) address the State's improper reference to Dr. Green as an expert, or challenge the State's reference to Connors as an animal and its urging the jury during closing that it was the "voice of society."[49] The claims in grounds 13(A), 13(B), and 13(D) do not share a common core of operative fact with any claim in the original petition, so they do not relate back, and I dismiss them as untimely. But ground 13(C) relates back to grounds 3(A), 3(B), and 3(C) of the original petition, so it survives this timeliness challenge.[50]

---

[48] ECF No. 80 at 56–63.

[49] *Id*. at 63–68. Though Connors only divides his ground 13 into three subsections (A-C) in his petition, *see* ECF No. 80 at 63–68, but respondents carve them into four (A-D) in their motion to dismiss. *See* ECF No. 85 at 21–23. I use the government's labels here.

[50] *Compare* the list of allegations at ECF No. 8 at 8 *with* ECF No. 80 at 66–67.

### 11. Ground 14

In ground 14, Connors contends that the trial court's cumulative errors on direct appeal and in state postconviction proceedings violated his federal constitutional rights.[51] To the extent that the claim of cumulative error applies to timely claims, ground 14 relates back; the portions that do not are time barred.

### C. Claims cognizable in federal habeas corpus proceedings

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[52] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[53] A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process.[54] Alleged errors in the interpretation or application of state law do not warrant habeas relief.[55]

In ground 9, Connors asserts that the trial court erred in finding that his claims regarding appellate counsel were procedurally barred, violating his Fifth and Fourteenth Amendment rights.[56] In ground 10, Connors contends that that state district court's approximately eight-year delay in adjudicating his state postconviction petition violated his Fifth, Sixth, and Fourteenth

---

[51] ECF No. 80 at 68–69.
[52] 28 U.S.C. § 2254(a).
[53] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
[54] *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).
[55] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).
[56] ECF No. 80 at 52.

Amendment equal protection, speedy trial, and due process rights.[57] Respondents argue that these are claims of "perceived error of state law" that raise no federal question.[58] They're right.

These are not claims that challenge Connnors's conviction or sentence on federal constitutional grounds. The delay in the adjudication of Connors's state postconviction petition appears unreasonable. However, Connors does not specifically allege that he suffered prejudice, stating only that "important information had been lost, for example, witness David Messinar had passed away and his testimony was unable to be preserved."[59] Connors offers no hint at what Messinar's testimony would have been. Accordingly, grounds 9 and 10 are dismissed for failure to state a claim cognizable in federal habeas corpus.[60]

## D. Exhaustion of state remedies

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not grant a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[61] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[62] To properly exhaust state remedies on each claim, the habeas

---

[57] *Id*. at 53–54.

[58] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[59] ECF No. 80 at 54.

[60] Ground 9 does not relate back to any claims in Connors's original petition and thus would also be subject to dismissal as untimely. Further, Connors did not raise federal ground 10 in his appeal of the denial of his state postconviction petition; thus it appears to be unexhausted. *See* Exh. 237.

[61] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[62] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

petitioner must "present the state courts with the same claim he urges upon the federal court."[63] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[64] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[65] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion,"[66] but citing to state case law that applies federal constitutional principles will suffice.[67]

The factual basis for a claim matters, too. A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[68] Exhaustion does not occur when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or when different facts are presented at the federal level to support the same theory.[69]

---

[63] *Picard v. Connor*, 404 U.S. 270, 276 (1971).
[64] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).
[65] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).
[66] *Hiivala*, 195 F.3d at 1106.
[67] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).
[68] *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).
[69] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**E.  Connors has not yet exhausted his available state remedies on a handful of his claims.**

Respondents argue that grounds 11(4), 12(1) and 13(C) are unexhausted. After a careful review of the record, I conclude that they're largely correct.

### 1. Ground 11(4)

In ground 11(4) Connors asserts that the State committed misconduct by (A) knowingly creating and/or presenting false evidence as to gun records, (B) knowingly creating and/or presenting false evidence as to a map of the scene, (C) inducing false testimony from witness Gioncontieri; (D) inducing false testimony from witness Messinar; and (E) introducing into evidence Dr. Green's report and testimony though he was not properly qualified as an expert. The only subpart of ground 11(4) that Connors raised in his direct appeal is the challenge to Dr. Green's report and testimony. All other claims in ground 11(4) are unexhausted.

### 2. Ground 12(1)

Connors claims in ground 12(1) that his trial counsel rendered ineffective assistance in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by admitting Connors's guilt to the jury. Connors did not present this claim to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition,[70] so this ground 12(1) is unexhausted.

### 3. Ground 13(C)

In ground 13(C), Connors offers a laundry list of arguments that appellate counsel failed to raise and claims that counsel was ineffective for failing to raise them. These issues include (a) trial counsel's failure to file a motion for new trial; (b) failure to sever the trial, leading to his inability to call co-defendant Christopher Connors as a witness; (c) denial of the right to a speedy

---

[70] *See* Exh. 237.

15

trial; (d) prosecutorial misconduct for dilatory tactics in causing a denial of his speedy-trial right; (e) prosecutorial misconduct for increasing the penalty and/or amending the charges, denying his right to a speedy trial; (f) prosecutorial misconduct for making false statement(s) to the trial court regarding Perry statements; (g) prosecutorial misconduct for destruction of wiretap and/or written reports; (h) prosecutorial misconduct for arguments regarding uncharged acts being heard by the jury; (i) ineffective assistance of trial counsel for failure to object to the jury instructions as to improper burden shifting; (j) ineffective assistance of trial counsel for not moving for a new trial as to the denial of the right to a fair and/or impartial jury.[71]

Connors did not raise the claims related to trial counsel not moving for a new trial (13(C)(a) and (j)) in his appeal of the denial of these claims in his state postconviction petition.[72] Connors presented the rest of these issues as merely a list with no elaboration or supporting allegations whatsoever.[73] Respondents argue that Connors failed to fairly present these claims in ground 13(C) to the Nevada Supreme Court.[74]

To exhaust a federal habeas claim, a petitioner must fairly present his claim "in each appropriate state court."[75] In its order affirming the denial of the state postconviction petition, the Nevada Supreme Court explained that it was declining to consider these claims because they were not sufficiently developed:

> Connors argues that the district court erred by denying numerous ineffective assistance claims as procedurally barred. Connors is mistaken. The district court considered each of Connors's ineffective-assistance claims and denied them on their merits. Connors does not mention the district court's resolution of these

---

[71] ECF No. 80 at 66–67
[72] *See* Exh. 237.
[73] Exh. 237 at 52–53.
[74] ECF No. 85 at 22–23.
[75] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

16

> claims and his opening brief merely lists them with no explanation or argument. Therefore, we decline to consider them.[76]

I agree with respondents that this bare laundry list of claims, devoid of argument or factual allegations to support them, did not serve to fairly present the claims to the Nevada Supreme Court. Accordingly, the entirety of ground 13(C) is unexhausted.

**F.      Connors must choose one of three ways to proceed from here.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.[77] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[78] A mixed petition is exactly what Connors has here. I have dismissed grounds 1, 2, 5, 7, 8, 11(1), 11(2), 11(3), 12(A), 13(A), 13(B), and 13(D) as untimely, and grounds 9 and 10 as noncognizable on federal habeas review. Grounds 12(1), 13(C), and most of the claims in ground 11(4) are unexhausted.

Because this petition contains a mix of exhausted and unexhausted claims, Connors must now choose one of three paths forward. He can (1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) seturn to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. If Connors does not select one of these three options or seek and obtain other appropriate relief from this court by the deadline, the court will dismiss this entire federal

---

[76] Exh. 243.
[77] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).
[78] *Id*.

habeas petition.[79]  If he chooses the third option, he is cautioned that a stay is available only if he can show good cause for his failure to exhaust his claims in state court:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[80]

At the conclusion of his opposition to the motion to dismiss, Connors makes a general request, with no support or argument, that the court grant him a stay and abeyance in order to exhaust any unexhausted claims.[81]  This is procedurally insufficient.  If Connors wants to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and present argument regarding the question of whether or not his unexhausted claims are plainly meritless.  Respondents will then be given an opportunity to respond, and petitioner to reply.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 85] is GRANTED** in part:

1. **Grounds 1, 2, 5, 7, 8, 9, 10, 11(1), 11(2), 11(3), 12(A), 13(A), 13(B), and 13(D) are DISMISSED**;

2. Grounds 12(1), 13(C), and all claims in ground 11(4) (except the claim of

---

[79] Connors is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

[80] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[81] ECF No. 92 at 24.

18

prosecutorial misconduct for allegedly introducing into evidence Dr. Green's report and testimony without proper qualification) are UNEXHAUSTED.

IT IS FURTHER ORDERED that **petitioner has until October 19, 2018, to do one of the following**

    (1)    Inform this court in a sworn declaration that he wishes to formally and forever **abandon the unexhausted grounds** for relief in his federal habeas petition and proceed on the exhausted grounds;

    (2)    inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to **return to state court to exhaust** his unexhausted claims; **or**

    (3)    **file a motion for a stay** and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If petitioner does none of these things by October 19, 2018, this case may be dismissed without further prior notice.**

IT IS FURTHER ORDERED THAT if petitioner chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond to his motion as provided in Local Rule 7-2. If he elects to abandon his unexhausted grounds, respondents will have 30 days from the date petitioner serves his declaration of abandonment to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing

Proceedings in the United States District Courts under 28 U.S.C. §2254. Petitioner will then have 30 days after service of respondents' answer to file his reply.

Dated: September 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey