UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY WAYNE CONNORS, | Case No.: 2:15-cv-01351-JAD-CWH |
| Petitioner | |
| v. | |
| BRIAN E. WILLIAMS, SR., et al., | **Order Granting Motion to Stay and Abey to Return to State Court for Exhaustion** |
| Respondents | [ECF No. 100] |

Timothy Wayne Connors brings this counseled habeas corpus petition under 28 U.S.C. § 2254 to challenge his 1994 Nevada state murder and robbery convictions. After I found that Connors's petition is a mixed one, he filed a motion for stay and abeyance in accordance with *Rhines v. Weber* pending the conclusion of his state postconviction proceedings[1] Respondents filed a non-opposition to the motion[2] and indicate that, while they do not waive any procedural defenses, they do not oppose a stay.

In *Rhines v. Weber*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims[3]:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

---

[1] ECF No. 100.
[2] ECF No. 102.
[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

    notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").[4]

The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[5]

    Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[6] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[7] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[8] An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[9]

---

[4] *Rhines*, 544 U.S. at 277.

[5] *Id.* at 278.

[6] *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[7] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[8] *Id.*

[9] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Petitioner, through counsel, argues that his unexhausted claims are based, in part, on the recent United States Supreme Court decision in *McCoy v. Louisiana*.[10] As respondents have indicated that they do not oppose the stay, the court will grant the motion for stay.

Accordingly, **IT IS HEREBY ORDERED** that petitioner's motion for stay and abeyance **(ECF No. 100) is GRANTED**. Connors, through counsel, will need to file a motion to re-open the case after his state postconviction proceedings have concluded.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state proceedings. The grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **45 days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of any state court proceedings.

The Clerk is directed to **ADMINISTRATIVELY CLOSE** this action.

Dated: December 21, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).