UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Timothy Wayne Connors, | Case No.: 2:15-cv-01351-JAD-NJK |
| Petitioner | |
| v. | **Order Granting Motion to Reopen Case, Directing Petitioner to File Second-Amended Petition, and Scheduling Order** |
| Brian E. Williams, Sr., et al., | |
| Respondents | [ECF No. 119] |

Timothy Wayne Connors brings this counseled 28 U.S.C. § 2254 habeas corpus petition challenging his 1994 Nevada state murder and robbery convictions. I granted his unopposed motion for a stay in accordance with *Rhines v. Weber*[1] and administratively closed this matter.[2] Connors's further state-court proceedings have concluded, and he has now returned to this court seeking to reopen this case.[3] Good cause appearing, this action is reopened. Connors indicates that he wishes to proceed on the remaining claims his first-amended petition.[4] In my order dated September 19, 2018, I dismissed several claims and concluded that several others were unexhausted.[5] It appears from his motion that Connors wants to proceed on the claims that were not dismissed, including the claims that I held were unexhausted. To ensure clarity, I direct Connors to file a second-amended petition that sets forth all claims that remain for my adjudication. I also provide a scheduling order for remaining briefing.

---

[1] *Rhines v.* Weber, 544 U.S. 269 (2005).
[2] ECF No. 104.
[3] ECF No. 119.
[4] ECF No. 80.
[5] ECF No. 97.

IT IS THEREFORE ORDERED that petitioner's motion to reopen this action **(ECF No. 119) is GRANTED** and **THE STAY IS LIFTED**, so the Clerk of Court is directed to REOPEN THE FILE in this action.

IT IS FURTHER ORDERED that petitioner must file a second-amended petition by December 9, 2023; respondents will then have 45 days after service of the second-amended petition to file a response to it.  Petitioner will then have 45 days from service of that response to file a reply or opposition.  Any other motions will be subject to the normal briefing schedule under the local rules.

The response to the petition must comply with Habeas Rule 5.  Additionally:

1. Any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All

procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state-court exhibits relevant to the response filed to the petition.[6] Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment, and each exhibit must be a separate attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that, at this time, the parties must send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court, by mailing them to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

_____
U.S. District Judge Jennifer A. Dorsey
October 25, 2023

---

[6] As applicable, the parties should cite to the exhibits already filed in this case.