UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Timothy Wayne Connors,

    Petitioner

v.

Brian E. Williams, Sr., et al.,

    Respondents

Case No.: 2:15-cv-01351-JAD-NJK

**Order Granting Motion to Dismiss and Granting Motion for Leave to File Pleading in Excess of Page Limit**

[ECF Nos. 135, 143]

    In a joint trial with his brother, Timothy Wayne Connors was found guilty of robbery and first-degree murder—both with a deadly weapon—for the 1990 shooting death of Kelly Vanlandingham near Nevada's Nellis Air Force Base, and he was sentenced to life in prison without the possibility of parole. In his operative, second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, Connors asserts six grounds for relief with various subparts. Respondents move to dismiss the bulk of those claims as untimely, unexhausted, or procedurally barred. Connors opposes the motion in an oversized response for which he seeks leave of court. I grant that leave and consider the entirety of Connors's response. But I find that most of his remaining claims do not relate back to exhausted claims in a timely-filed petition and that several others are unexhausted or procedurally barred. So I grant the motion, leaving only Connors's claims over the introduction of the autopsy report, ineffective assistance of trial counsel, and cumulative error.

**Background**

**A.    The state-court proceedings**

In 1994, an Eighth Judicial District Court jury in Clark County, Nevada, convicted Connors and his brother Christopher of the murder and robbery of Vanlandingham after a 23-day joint trial.[1]  After an eight-day penalty hearing, the jury sentenced Connors to life without the possibility of parole on the first-degree murder count,[2] then the court added a life term for the deadly weapon enhancement to the murder count, 15 additional years on the robbery count, plus another 15 years for the deadly weapon enhancement on the robbery count, all to run consecutively.[3]  Judgment of conviction was entered in June 1994,[4] and the Nevada Supreme Court affirmed in July 1998.[5]  Connors filed a state postconviction habeas corpus petition in August 1999.[6]  Ultimately, on June 10, 2015, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on July 21, 2015.[7]

**B.    The federal habeas proceedings**

On July 13, 2015, Connors, acting pro se, dispatched his federal habeas petition for filing.[8]  On Connors's motion, this court appointed counsel, who filed an amended petition, and the parties litigated the respondents' motion to dismiss numerous claims in that petition.  The court later granted Connors's unopposed motion for stay and abeyance while he returned to state

---

[1] Exhs. 140–141, ECF Nos. 57-2, 57-3.
[2] Exh. 154, ECF No. 60-1.
[3] Exh. 156, ECF No. 60-3.
[4] Exh. 157, ECF No. 60-4.
[5] Exh. 160, ECF No. 61-2.
[6] Exh. 163, ECF No. 62.
[7] Exhs. 243, 245, ECF Nos. 78, 78-2.
[8] ECF No. 8.

court to exhaust some claims. Upon his return to federal court in January 2024, Connors filed a second amended petition, the current operative one.[9] Six grounds with an additional three subparts remain:

> **Ground 3**: The trial court erred in allowing **the autopsy report** into evidence because the coroner who conducted the autopsy did not testify, violating Connors's Fifth, Sixth, and Fourteenth Amendment rights to a fair trial, due process, compulsory process, confrontation, and equal protection.
>
> **Ground 4**: The trial court erred in **refusing to sever** Connors's trial from his co-defendant brother's, violating Connors's rights to equal protection, confrontation, due process, and a fair trial.
>
> **Ground 11**: The **prosecution engaged in misconduct** by admitting improper evidence, denying Connors the right to a fair trial, equal protection, confrontation, an impartial jury, and due process.
>
> **Ground 12**: **Trial counsel was ineffective** for:
>
>> (1) Admitting guilt to the jury;
>>
>> (2) Failing to coordinate with co-counsel or move for severance of trial; and
>>
>> (3) Failing to investigate evidence or witnesses.
>
> **Ground 13**: **Appellate counsel was ineffective** for failing to raise numerous trial errors on direct appeal.
>
> **Ground 14**: Connors is entitled to relief based on the **cumulative effect of errors** at trial, on direct appeal, and in his state habeas proceedings.[10]

Respondents move to dismiss these remaining claims. They argue that grounds 4 and 12(2) don't relate back to Connors's original petition because the ground they could relate back to is unexhausted. They contend that portions of grounds 3, 11, and 14 are unexhausted. And

---

[9] ECF No. 124.

[10] *Id*. at 40–62.

3

they conclude that grounds 11(4), 12(1), and 13 should be dismissed as procedurally defaulted.[11] Connors opposes the motion in an oversized filing[12] for which he seeks leave of court.[13]

## Discussion

**A.  Connors is granted leave for his oversized filing.**

Along with his 40-page opposition to the motion to dismiss, Connors seeks leave to exceed the 30-page limit.[14] Respondents did not file an opposition or respond to the motion in any way. Disregarding the table of contents and certificate of service, the opposition is just seven pages over the limit, and Connors's counsel points out that his state-court proceedings from 1993 to present are extensive. While this court generally disfavors motions to exceed page limits, I find good cause to allow the few additional pages, grant this unopposed motion to exceed the page limit, and consider the entirety of Connors's oversized response.

**B.  Grounds 4, 12(1), and 12(2) are untimely because they don't relate back to a timely, properly filed claim.**

> ***1.  Claims first raised in an amended petition must be timely filed or relate back to a claim in an earlier, timely filed petition.***

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[15] Habeas claims in an amended petition do not

---

[11] ECF No. 135.
[12] ECF No. 142.
[13] ECF No. 143.
[14] ECF No. 143; Local Special Rule LSR 3-2(b).
[15] *Mayle v. Felix*, 545 U.S. 644 (2005).

4

arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because they challenge the same trial, conviction, or sentence.[16] New claims relate back "only when" they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[17] So, as the Supreme Court held in *Mayle v. Felix*, a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be deemed timely.[18]

Connors's operative habeas petition is his counseled, second amended petition filed on January 8, 2024. Respondents argue that part or all of grounds 4 and 12(2) in that petition do not relate back to an exhausted claim in a timely filed petition, so they must be dismissed as untimely.[19] Connors mailed his original federal habeas petition on July 13, 2015, and he filed his counseled, first amended petition on November 17, 2017.[20] The parties do not dispute that AEDPA's one-year statute of limitations for Connors's habeas claims expired on September 25, 2015. So, the new claims in his amended petition are time barred unless they relate back to his original pro se petition. Respondents point out that this court previously found that grounds 4 and 12(2) relate back to ground 3(A) of the original petition, in which Connors claimed that appellate counsel was ineffective for failing to challenge on appeal the trial court's denial of severance.[21] But that determination was unsound, respondents contend, because 3(A) was

---

[16] *Id*. at 655–64.

[17] *Id*. at 657.

[18] *Id*. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 582 U.S. 521 (2017).

[19] *Id*. at 4–7.

[20] ECF Nos. 8, 16.

[21] ECF No. 97 at 7–11.

5

unexhausted, and a late-filed claim can relate back only to a properly filed—thus exhausted—one.[22]

### 2. Respondents' relation-back challenge is timely.

As a preliminary matter, Connors objects to respondents raising this argument now, suggesting that it should have been raised when respondents moved to dismiss certain claims in the first amended petition.[23] He points to Fed. R. Civ. P. 12(g), which states that a party must not make another motion raising a defense or objection that was previously available.

There are several reasons that this argument fails. The habeas rules say that the federal rules apply to § 2254 habeas actions only to the extent that the federal rules are not inconsistent with the rules governing habeas corpus,[24] and Habeas Rules 4 and 5 permit respondents to file a motion to dismiss amended petitions. Some claims in the second amended petition are not in the same procedural posture as when respondents moved to dismiss claims in the first amended petition, and the second amended petition supersedes prior petitions.[25] As is the general practice in this district, the court gave respondents an opportunity to respond—including by motion to dismiss—to the new, second amended petition.[26] So this motion to dismiss was also authorized by the court. Plus, § 2254(b)(3) gives the respondents the right to raise an exhaustion challenge unless they "through counsel, expressly waive[] the requirement."[27] And here, they did not. So I consider the merits of the respondents' exhaustion arguments.

---

[22] ECF No. 135 at 7.
[23] ECF No. 142 at 24–27.
[24] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.
[25] *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).
[26] *See* ECF No. 121 at 2.
[27] 28 U.S.C. § 2254(b)(3).

### 3. Grounds 4 and 12(2) do not relate back to an exhausted claim in a timely filed petition.

Respondents argue that grounds 4 and 12(2) of Connors's second amended petition are untimely because they do not relate back to any properly filed claims in his original petition.[28] In ground 4 of the second amended petition, Connors asserts that that the trial court's failure to sever his trial from his brother's violated his Fifth, Sixth, and Fourteenth Amendment rights to equal protection, due process, and a fair trial.[29] In ground 12(2), he claims that his trial counsel was ineffective for failing to coordinate with co-counsel or move independently to sever the trial.[30]

Connors raised the issue of severance in ground 3(A) of his original petition as an ineffective-assistance-of-appellate-counsel claim.[31] Grounds 4 and 12(2) can be fairly read as merely new legal theories "tied to the same operative facts as those initially alleged," as discussed in *Mayle*.[32] But "[a] claim added to a timely filed habeas petition after the expiration of the statute of limitations is timely only if the new claim relates back to a properly filed claim contained in the original petition."[33] "To be properly filed, a claim must have been exhausted at the time of filing."[34] The problem for Connors is that the claim that these new grounds relate back to—ground 3(A) of the original petition[35]—is itself unexhausted. So it was not "properly

---

[28] ECF No. 135 at 4–7.

[29] ECF No. 124 at 44–47.

[30] *Id*. at 54–55.

[31] ECF No. 8 at 8.

[32] *Mayle*, 545 U.S. at 659 and n.5; *Ha Van Nguyen*, 736 F.3d at 1297.

[33] *Ha Van Nguyen*, 736 F.3d at 1296.

[34] *Id*.; *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009).

[35] ECF No. 8 at 8.

filed" in the original petition.³⁶  Because grounds 4 and 12(2) of the second amended petition do not relate back to a properly filed, timely claim, I grant the respondents' motion to dismiss both claims as untimely.

### 4.     *Ground 12(1) does not relate back to a timely filed claim.*

In ground 12(1) of the second amended petition, Connors claims that trial counsel was ineffective for admitting his guilt to the jury.³⁷  Connors raised this claim as ground 2(C) in his original petition.³⁸  But that claim, too, is unexhausted because Connors did not present it to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition.³⁹  Because ground 12(1) of the second amended petition does not relate back to a properly filed, timely claim, I dismiss it as untimely.

### C.     Grounds 3, 11, 13, and 14 are unexhausted or procedurally defaulted.

#### 1.     *Claims are not ripe for federal consideration until they've been properly presented to the state court.*

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.⁴⁰  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state

---

³⁶ *See* ECF No. 97 at 15–17.  I address ground 13 of the second amended petition further later in this order.
³⁷ ECF No. 124 at 51–53.
³⁸ ECF No. 8 at 6.
³⁹ *See* Exh. 237, ECF No. 76-4.
⁴⁰ *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

filed" in the original petition.³⁶  Because grounds 4 and 12(2) of the second amended petition do not relate back to a properly filed, timely claim, I grant the respondents' motion to dismiss both claims as untimely.

### 4.     *Ground 12(1) does not relate back to a timely filed claim.*

In ground 12(1) of the second amended petition, Connors claims that trial counsel was ineffective for admitting his guilt to the jury.³⁷  Connors raised this claim as ground 2(C) in his original petition.³⁸  But that claim, too, is unexhausted because Connors did not present it to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition.³⁹  Because ground 12(1) of the second amended petition does not relate back to a properly filed, timely claim, I dismiss it as untimely.

### C.     Grounds 3, 11, 13, and 14 are unexhausted or procedurally defaulted.

#### 1.     *Claims are not ripe for federal consideration until they've been properly presented to the state court.*

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.⁴⁰  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state

---

³⁶ *See* ECF No. 97 at 15–17.  I address ground 13 of the second amended petition further later in this order.
³⁷ ECF No. 124 at 51–53.
³⁸ ECF No. 8 at 6.
³⁹ *See* Exh. 237, ECF No. 76-4.
⁴⁰ *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

collateral-review proceedings.[41] To properly exhaust state remedies on a claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[42] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[43] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[44]

"Procedural default" refers to the situation in which a petitioner presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of on its merits.[45] A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.[46] The procedural-default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.[47]

A procedural default prevents the federal court from reviewing a habeas claim unless the petitioner can show good cause plus actual prejudice:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual

---

[41] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[42] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[43] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[44] *Bland v. Cal. Dept. of Cor.*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[45] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[46] *Id*.

[47] *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[48]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[49] That external impediment must have prevented the petitioner from raising the claim.[50]

### 2. The compulsory-process claim in Ground 3 is dismissed as unexhausted.

In ground 3 of his operative, second amended petition, Connors claims that the trial court's admission of the unverified or unauthenticated autopsy report violated his rights to a fair trial, due process, compulsory process, confrontation, and equal protection under the Fifth, Sixth, and Fourteenth Amendments.[51] Respondents point out that Connors did not present this claim on direct appeal as a violation of compulsory process.[52] In the opposition to the motion to dismiss, Connors concedes, "[t]o the extent that the words 'compulsory process' were not included in a fair presentation of the claim, then petitioner is willing to omit the words 'compulsory process' from the title of ground 3."[53] So I dismiss the portion of ground 3 regarding this unelaborated compulsory process claim as unexhausted.

### 3. Ground 13 and most of Ground 11 are dismissed as procedurally defaulted.

In ground 11, Connors claims prosecutorial misconduct for introducing improper evidence to prove its case. Connors contends that the state violated his constitutional rights by

---

[48] *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).
[49] *Murray*, 477 U.S. at 488 (emphasis added).
[50] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).
[51] ECF No. 124 at 40–44.
[52] ECF No. 135 at 9; *see also* Exh. 251 at 29-32, ECF No. 86-2.
[53] ECF No. 142 at 30.

introducing "the improper Dr. Green report and related testimony without the proper qualification[,] . . . knowingly creating and/or presenting false evidence as to gun records [and] a map of the scene; [and] inducing false testimony from witness[es] Mr. Gioncontieri [and] Mr. Messinar."[54]  In ground 13, he asserts that appellate counsel was ineffective for failing to raise several trial-court errors.[55]

I previously found the majority of these claims to be unexhausted when I reviewed Connors's first amended petition.[56]  But I allowed his ground 11 claim concerning Dr. Green's testimony to go forward, finding that he raised that challenge on direct appeal.[57]  Connors presented the exhausted claims to the state district court and the appellate court in his third state habeas petition.[58]  The Nevada Court of Appeals found the claims to be procedurally barred as successive and untimely, because they raised grounds that could have been raised on direct appeal, and by laches.[59]  It also found that Connors failed to demonstrate cause and prejudice to

---

[54] ECF No. 124 at 48–49.

[55] *Id*. at 58–61.

[56] ECF No. 97 at 15–17.

[57] *Id*. at 15.  In their motion, respondents appear to seek reconsideration of that ruling, arguing that Dr. Green's testimony wasn't clearly raised in Connors's prosecutorial-misconduct claim on direct appeal.  ECF No. 135 at 10.  But they withdraw that argument in reply "because Connors removed from Ground 11 the claim alleging the admission of Dr. Green's testimony and report constituted misconduct."  ECF No. 145 at 5.  But Connors's second amended petition includes the same allegation—that the prosecution engaged in misconduct by "admitting the improper Dr. Green report and related testimony without the proper qualification."  ECF No. 124 at 48.  Despite respondents' misread of Connors's allegations, they are the masters of their motion, so I accept the withdrawal of their arguments as to this allegation.  Connors's prosecutorial-misconduct claim based on Dr. Green's testimony will thus proceed.

[58] Exh. 277 at 24–25, ECF No. 134-25.

[59] Exh. B at 1–2, ECF No. 118-2.

11

overcome the defaults.⁶⁰ Respondents now argue that the recently exhausted claims are procedurally barred.⁶¹

Connors offers mostly general, unelaborated arguments that the procedural rules the appellate court applied were not well-established before he "supposedly broke said rule." ⁶² He does not explain which of the three independent and adequate grounds the Nevada courts relied on were insufficiently established, but I conclude that Connors's argument fails as to all of them. The Ninth Circuit has specifically upheld Nevada's rules barring untimely and successive petitions and denying petitions by laches as independent and adequate state bars for the time period relevant to Connors's claims.⁶³ So I am not persuaded by Connors's hollow argument that the procedural bars applied here are not sufficiently well-established.

Connors also contends that he can demonstrate either cause and prejudice or a fundamental miscarriage of justice.⁶⁴ His single allegation in support of that contention, however, is that his lack of state postconviction counsel constitutes cause for procedural default under the Supreme Court's decision in *Martinez v. Ryan*.⁶⁵ But *Martinez* and the related cases

---

⁶⁰ *Id*. at 2–3.

⁶¹ ECF No. 124 at 9–10.

⁶² ECF No. 142 at 34.

⁶³ *See Moran v. McDaniel*, 80 F.3d 1261, 1269–70 (9th Cir. 1996) (holding that NRS 34.800(2) (the laches provision) and NRS 34.726 (the timeliness provision) were consistently applied and constitute independent and adequate state procedural grounds to deny a postconviction petition); *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003) (holding that NRS 34.810(b)(2) (barring postconviction review of claims that could have been raised on direct appeal or in a prior petition) was well-established as an independent and adequate procedural bar for non-capital cases).

⁶⁴ ECF No. 142 at 35.

⁶⁵ *Martinez v. Ryan*, 566 U.S. 1 (2012).

decided before and after *Martinez* don't apply to Connors's prosecutorial-misconduct or ineffective-assistance-of-appellate-counsel claims.

For our purposes, the United States Supreme Court first addressed the cause-and-prejudice analysis under similar circumstances in *Coleman v. Thompson*.[66] In *Coleman*, the Court held that, because there is "no constitutional right to an attorney in state postconviction proceedings," ineffective assistance of postconviction counsel cannot constitute cause to overcome procedural default after failing to raise a claim.[67] In *Martinez*, the Court carved out a narrow exception to that rule for claims challenging the ineffective assistance of trial counsel. As explained by the Court in *Davila v. Davis*, the *Martinez* exception "treats ineffective assistance by prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal."[68] The *Davila* Court expressly declined to extend that exception to claims for ineffective assistance of appellate counsel.[69]

Applied to Connors's claims, Supreme Court precedent forecloses a finding of cause based on lack of postconviction counsel. His argument that his lack of postconviction counsel constitutes cause excusing default on his prosecutorial-misconduct claim is expressly barred by the Court's holding in *Coleman*. And his appeal to the exception in *Martinez* to find cause to excuse the procedural bar on his ineffective-appellate-counsel claim is expressly barred by *Davila*. So I conclude that Connors cannot show cause to overcome the procedural bars for

---

[66] *Coleman*, 501 U.S. at 752–53.
[67] *Id.*
[68] *Davila v. Davis*, 582 U.S. 521, 524–25 (2017).
[69] *Id.* at 525.

13

ground 13 and the defaulted portions of ground 11, and I dismiss those grounds as procedurally barred from federal review.

### 4. *Connors's cumulative-error claim is exhausted to the extent it relies on his remaining exhausted claims.*

Finally, in ground 14, Connors asserts that the cumulative error of the trial court and trial and appellate counsel violated his federal constitutional rights.[70] To the extent that the claim of cumulative error applies to exhausted claims that remain before the court, it is exhausted.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 135] is GRANTED in part and denied in part:**

- Grounds 4, 12(1), and 12(2) are dismissed as untimely;
- The compulsory process portion of the claim in ground 3 is dismissed;
- Ground 13 and most of Ground 11 (with the exception of Connors's prosecutorial-misconduct arguments related to Dr. Green) are dismissed as procedurally barred;
- In all other respects, the motion is denied.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a pleading in excess of the page limits **[ECF No. 143] is GRANTED**.

This dismissal order leaves the following claims for the respondents to answer within the next 60 days:

> **Ground 3:** The trial court erred in allowing **the autopsy report** into evidence because the coroner who conducted the autopsy did not testify in violation of Connors's rights to a fair trial, due process, confrontation, and equal protection under the Fifth, Sixth, and Fourteenth Amendments.

---

[70] ECF No. 124 at 61–62.

**Ground 11:** The prosecution engaged in misconduct by admitting **the improper Dr. Green report and related testimony without the proper qualification**, denying Mr. Connors the right to a fair trial, equal protection, confrontation, an impartial jury, and due process of law under the Fifth, Sixth, and Fourteenth Amendments.

**Ground 12(3): Trial counsel was ineffective** for failing to investigate and obtain certain pieces of evidence that would have assisted Connors's case, including Nellis Air Force Base security surveillance of the event, surveillance from other sources, or Mr. Connors's gun ownership records. Trial counsel knew of and failed to call: (1) Sean Trail, (2) Professor Etheridge, (3) Adam Magari, (4) Norman Rita, and (5) Christopher Connors as defense witnesses in violation of Connors's Fifth, Sixth, and Fourteenth Amendment rights.

**Ground 14**: The **cumulative error** of the trial court and trial counsel violated Connors's federal constitutional rights.[71]

The answer must contain all substantive and procedural arguments for the surviving grounds and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
February 14, 2025

---

[71] *Id*. at 40–44, 56–58.