UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Timothy Wayne Connors,<br><br>     Petitioner<br><br>v.<br><br>Brian E. Williams, Sr., *et al.*,<br><br>     Respondents | Case No.: 2:15-cv-01351-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Motion for Extension of Time to File Reply in Support of the Petition to December 1, 2025**<br><br>[ECF No. 153] |

    Timothy Wayne Connors seeks a second extension of time to file the reply in support of his second-amended 28 U.S.C. § 2254 habeas corpus petition.[1] In June 2025, I granted Connors a 90-day extension because his counsel explained that she wanted to meet with him in person prior to filing the reply.[2]

    Counsel now asks for a second extension—this time for 120 days. She states that she was eventually able to meet with Connors on September 19, 2025, and after their extensive discussion, she has concluded that additional time is needed to prepare the reply and hire an investigator to review the remaining claims and identify whether any trial witnesses are still available. Respondents oppose an extension for the purpose of hiring an investigator, arguing that any development of new facts contravenes AEDPA, deprives respondents of the ability to assert procedural defenses, and needlessly wastes the court's and respondents' resources.[3]

---

[1] ECF No. 153.
[2] ECF No. 151.
[3] ECF No. 154.

This habeas action commenced in July 2015. Connors's current counsel was appointed more than nine years ago in in July 2016 and entered her notice of appearance in August 2016.[4] I granted a stay in December 2018 so Connors could return to state court to litigate unexhausted claims that he argued were based in part on a Supreme Court decision that issued that year.[5] After I granted Connors's motion to reopen this case, he filed a second-amended petition in January 2024.[6] I granted in part and denied in part respondents' motion to dismiss the second-amended petition in February 2025.[7] Respondents filed an answer to the four remaining claims in the second amended petition in May 2025.

Connors presents no valid explanation as to why an investigator is needed at this very late stage in the litigation. It is utterly unclear what any further investigation could possibly yield. It is similarly unclear how any further evidence or claims would not be barred by AEDPA. It does not serve judicial efficiency or justice to prolong further the adjudication of this long-pending habeas petition. So I grant Connors additional time—though not as long as 120 days—to file a reply in support of the four remaining claims. I deny any extension of time to hire an investigator or interview any witnesses.

IT IS THEREFORE ORDERED that petitioner's second motion for extension of time to file a reply in support of the petition **[ECF No. 153] is GRANTED in part and denied in part**.

---

[4] ECF Nos. 14, 15.

[5] ECF No. 104.

[6] ECF No. 124.

[7] ECF No. 147. Respondents had already filed a motion to dismiss Connors's first-amended petition, which I had already granted in part and denied in part in September 2018.

**The reply deadline is extended to December 1, 2025**, and this court is not likely to grant any further extension of this deadline absent extraordinary circumstances.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 14, 2025

3